UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE HERNS, | 1: 07 CV 01728 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 13] |
| A. HEDGPETH, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On May 6, 1992, Petitioner was convicted, in Fresno County Superior Court, of first degree

murder and attempted robbery with firearm enhancements. The court sentenced him to an indeterminate state prison term of one year for the firearm enhancements, and a consecutive term of 25 years to life for the murder conviction.

Petitioner filed a direct appeal. On September 27, 1993, the California Court of Appeal, Fifth Appellate District ("Court of Appeal"), affirmed the judgment. Petitioner sought review in the California Supreme Court, which denied his petition on January 13, 1994..

Petitioner subsequently filed three pro se state post-conviction collateral challenges:[1]

First Petition

September 3, 2004: Petition for writ of habeas corpus filed in Fresno County Superior Court

January 18, 2005: Petition denied

Second Petition

November 18, 2004: Petition for writ of habeas corpus filed in Court of Appeal

May 25, 2005: Petition denied.

Third Petition

February 22, 2005: Petition for writ of habeas corpus filed in California Supreme Court

January 25, 2006: Petition denied.

Petitioner filed the present action on November 14, 2007.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

---

[1] Filing dates are based on the mailbox rule, pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the statute of limitations. Petitioner opposes the motion.

<u>Procedural Basis for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

<u>Statute of Limitations Bar</u>

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the California Supreme Court denied review on January 13, 1994. As Petitioner's conviction became final on May 1, 1994, before the April 24, 1996 effective date of the AEDPA statute of limitations, Petitioner's petition was due one year from the effective date of the statute of limitations. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999). Thus, the federal petition was due by April 25, 1997.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

1  claims to the state courts first and will prevent the premature filing of federal petitions out of concern
2  that the limitation period will end before all claims can be presented to the state supreme court. Id. at
3  1005. In Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134 (2002),  the Court determined that under
4  California's collateral review process, the intervals between a lower court decision and the filing of a
5  new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140.
6  Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts.

7      In this case, however, it is undisputed that Petitioner did not file any state post-conviction
8  applications during the statute of limitations period.  Thus, the court finds that Petitioner is not
9  entitled to statutory tolling of the statute of limitations.  The statute of limitations thus began running
10 on April 25, 1996, and expired on April 24, 1997.   Petitioner filed the present action on November
11 14, 2007.   Absent equitable tolling, this petition is untimely.

12     In his opposition to Respondent's motion to dismiss, Petitioner contends that he is entitled to
13 equitable tolling.    The limitations period is subject to equitable tolling if "extraordinary
14 circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on
15 time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain
16 v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139
17 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in*
18 *part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998)
19 (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time
20 will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible
21 to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account
22 for the failure to file a timely claim, equitable tolling of the statute of limitations may be
23 appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541;
24 Beeler, 128 F.3d at 1288-1289.

25     In this case, Petitioner claims that he is entitled to equitable tolling because he was subject to
26 "numerous lock-downs, riots, racial disturbances, and denial to law library access, during those
27 disturbances."   Petitioner also states that he had no access to his legal papers during times he was
28 transferred to new facilities.

The burden of demonstrating that extraordinary circumstances exist lies with the petitioner. United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999); Allen v. Lewis, 255 F.3d 798, 801 (9th Cir.2001) (observing that petitioner "produced no evidence demonstrating that the loss of access to his habeas materials for 27 days due to his prison transfer made it impossible for him to file his federal habeas petition 16 days earlier"); Allen v. Lewis, 255 F.3d 798, 800 (9th Cir.2001) (holding that, in order to support a finding of "extraordinary circumstances" sufficient to warrant equitable tolling, the petitioner must show that the circumstances were the "but-for and proximate cause of his untimeliness").  Equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights.  Thus, the court must consider petitioner's diligence in pursuing his claims.   A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.

In this case, Petitioner claims that he was denied access to his legal papers during times when he was transferred between facilities. Equitable tolling may apply to toll the one-year statute of limitations under 28 U.S.C. section 2244(d)(1), where the alleged denial of access to legal files may amount to extraordinary circumstances. See Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002).  However, in this case, the court finds that Petitioner's general claim is insufficient to demonstrate either diligence or that the denial of access was the but-for cause of his untimeliness.

Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case   See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal

sophistication also does not excuse the delay."); <u>Giraldes v. Ramirez-Palmer</u>, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

A fter considering the parties' arguments, the court finds that Petitioner has not carried his burden of demonstrating that he is entitled to equitable tolling in this case. As Respondent argues, Petitioner fails to provide specifics regarding how lockdowns and limited access to the law library caused a delay of over ten years in bringing his claims.  The court must conclude, therefore, that this petition for writ of habeas corpus is untimely and is barred by the statute of limitations.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)   Respondent's motion to dismiss is  GRANTED;

2)   This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;

1  3)      The Clerk of the Court is directed to enter judgment for Respondent and to close this case.
2  4)      A certificate of appealability is DENIED.
3
4          IT IS SO ORDERED.
5  Dated:    **December 9, 2008**              **/s/  William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE